PER CURIAM.
The Court, on its own motion, amends Florida Rules of Judicial Administration 2.240 (Determination of Need for Additional Judges) and 2.241 (Determination of the Necessity to Increase, Decrease, or Redefine Appellate Districts). See Fla. R. Jud. Admin. 2.140(g)(1).[1] The amendments add a procedure to rule 2.241 for assessing the need for increasing, decreasing, or redefining judicial circuits, and revise rules 2.240 and 2.241 to require that determinations regarding the need to increase, decrease, or redefine appellate districts and judicial circuits are undertaken in conjunction with the Court’s annual certification process for determining the need for additional judges.
Article V, section 9 of the Florida Constitution, charges this Court with establishing by rule uniform criteria for the determination of the need for additional judges, the necessity for decreasing the number of judges, and the necessity for increasing, decreasing or redefining appellate districts and judicial circuits. If the Court determines that such a need exists, it must certify its findings and recommendations concerning the need to the Legislature prior to the next regular legislative session. Currently, rule 2.240 provides the procedure for assessing the need for judges. And, rule 2.241 provides a procedure for assessing the necessity for increasing, decreasing, or redefining *359 the appellate districts. Under the existing procedure, the Chief Justice must appoint, at least once every eight years, a committee to assess the capacity of the district courts to effectively fulfill their constitutional and statutory duties, and to make recommendations concerning the decisions the Court must make during the certification process outlined in the rule. See Fla. R. Jud. Admin. 2.241(b). No rule currently governs the process for determining the need to increase, decrease, or redefine Florida’s judicial circuits.
The amendments to rule 2.241, that we adopt here, remove the requirement that the Chief Justice appoint a committee to assess the district courts and add a uniform procedure for evaluating both the appellate districts and the judicial circuits. Under the new procedure, the certification process for the appellate districts and the judicial circuits must be completed in conjunction with the Court’s annual determination regarding the need for judges under rule 2.240(d). The chief judges of the trial and appellate courts will review annual statistics provided by the state courts administrator, along with the criteria set forth in the rule and any other relevant factors, and inform the Chief Justice of any perceived need. Taking these and other concerns into consideration, this Court may, but is not required to, appoint an assessment committee to make further inquiry. If an assessment committee is appointed, the committee will be charged by administrative order and the Court will consider the committee’s recommendations. If the Court finds a need exists for increasing, decreasing, or redefining appellate districts and judicial circuits, the Court will certify its findings and recommendations to the Legislature. Consistent with the amendments to rule 2.241, new rule 2.240(d)(5) requires the Court to consider the need for changes in the number or size of appellate districts and judicial circuits in conjunction with the rule 2.240 process by which the Court considers and certifies the need for judges.
Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring and deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.240. DETERMINATION OF NEED FOR ADDITIONAL JUDGES
(a)-(c) [No Change]
*360 (d) Certification Process. The process by which certification of the need to increase or decrease the number of judges shall include:
(1) [No Change]
(2) Each chief judge shall submit to the chief justice a request for any increase or decrease in the number of judges in accordance with the following:
(A)-(B) [No Change]
(3) The chief justice and the state courts administrator may then visitcon-fer with the chief judge and other representatives of the court submitting the request as well as representatives of The Florida Bar and the public to gather additional information and clarification about the need in the particular jurisdiction.
(4) [No Change]
(5) The supreme court, in conjunction with the certification process under this rule, shall also consider the necessity for increasing, decreasing, or redefining appellate districts and judicial circuits as required by article V, section 9, of the Florida Constitution and as set forth in Florida Rule of Judicial Administration 2.241.
Court Commentary
1983 Adoption — 2006 Amendment.
[No Change]
2013 Amendment. Subdivision (d)(5) was added to ensure the certification process under rule 2.240(d) is conducted in conjunction with the related process for determinations regarding increases, decreases, or redefinition of appellate districts and judicial circuits under Florida Rule of Judicial Administration 2.241.
RULE 2.241. DETERMINATION OF THE NECESSITY TO INCREASE, DECREASE, OR REDEFINE JUDICIAL CIRCUITS AND APPELLATE DISTRICTS
(a) Purpose. The purpose of this rule is to establish uniform criteria for the supreme court’s determination of the necessity for increasing, decreasing, or redefining judicial circuits and appellate districts as required by Aarticle V, section 9, of the Florida c Constitution. This rule also provides for an assessment committee and a certification process to assist the court bothin certifying to the legislature its findings and recommendations concerning such needand-in-mak-ing its own rules affecting-appellate court structure and jurisdiction:
(b) Assessment Committee, At-least once during every eight-year-period^-beginning-after-review — year-dlOCtój-the chief justice shall appoint a committee' that-shall assess the capacity of the district courts to effectively ■fulfill-their-constitutional — and statutory duties. — The—committee—shall make-a-recommendation-to the supreme court — concerning—the—decisions—that it should-make-during-the-process-described ■in-subdivision-(c-);
(1) The assessment — committee shall consist of three members from each district; — one attorney, one district 'judge and one circuit judge.
(■2-)-The-commlttee-should be appointed no later than August -3L of-the year ■prior-to-the-review year. It must report Its-reeonnnendations to the chief justice in writing no later than July 1 of the rev-iew-year;
(3) The chief justice shall select -the chair of-the committee.
(4.)-p.Fiog.4o-the-preparation-of-ifs-re-port," the- committee shall-solicit-wr-itten input from the public and shall hold at least- one- public-hearing;
*361 (5) ■ -The -Qffice-of-the-State-Gourts-Ad-ministrator, — in consultation with the clerks — and—marshals—of the — district courts of appeal, shall provide staff sup-por-t-to-the-committeer
(6) The chief justice shall submit the committee’s recommendations to the supreme court. — On or before November 15-ofthe review-year, the supreme court shall certify'to the legislature its findings- and- recommendations.
(eb) Certification Process. The certification-process-balances.the ■ potential ■ impact and disruption caused-b-y-c-hanges-in appellate districts against the need to address-circumstances-that-limit-the-quality and-efficiency-ofr-and'-public confidence in, the appellate revie-va-proeess. — Given-the impact-and-disruption -that can arise from any-alter-ation-in-judicial structure, prior to recommending- a^ change in districts) the assessment-committee — and ■ - the. ■ -supreme court shall consider-less-disruptive-adjustments including, but not limited to, the addition of judges, the creation-of--branch locations, geographic or subject-matter-divisions-within-distr-icts,-deployment' of new technologies, and increased ratios of sup-por-t-staff-per-judge:- A certification process shall be completed in conjunction with the supreme court’s annual determination regarding the need for judges under Florida Rule of Judicial Administration 2.240(d) and in accordance with the following:
(1) The supreme court shall certify a necessity to increase, decrease, or redefine judicial circuits and appellate districts when it determines that the appellate-review judicial process is adversely affected by circumstances that present a compelling need for the certified change.
(2) The supreme court may certify a necessity to increase, decrease, or redefine judicial circuits and appellate districts when it determines that the appellate-reviewjudicial process would be improved significantly by the certified change.
(3) The state courts administrator will distribute a compilation of summary statistics and projections to each chief judge at a time designated by the chief justice.
(4) Each chief judge shall consider criteria as may apply under rules 2.241(c) and 2.241(d), as well as any other relevant factors, and shall inform the chief justice of any perceived need to increase, decrease, or redefine the state’s judicial circuits or appellate districts.
(5) Having been advised in these matters by the chief justice and taking into consideration other relevant factors, the supreme court, finding cause for further inquiry, may appoint an assessment committee to consider the capacity of the courts to effectively fulfill their constitutional and statutory responsibilities as well as any attendant need to increase, decrease, or redefine appellate districts and judicial circuits.
(6) If an assessment committee is appointed, the committee shall confer with the chief judges and other representatives of appellate districts and judicial circuits, district court of appeal and/or trial court budget commissions, The Florida Bar, and the public for purposes of gathering additional information regarding matters within its charge and shall submit written recommendations to the supreme court.
(7) The supreme court shall consider the assessment committee’s recommendations within a timeframe it deems appropriate.
(8) Whether or not an assessment committee is appointed, the supreme court shall balance the potential impact and disruption caused by changes in ju *362 dicial circuits and appellate districts against the need to address circumstances that limit the quality and efficiency of, and public confidence in, the judicial process. Given the impact and disruption that can arise from any alteration in judicial structure, prior to recommending a change in judicial circuits or appellate districts, the supreme court shall consider less disruptive adjustments including, but not limited to, the addition of judges, the creation of branch locations, geographic or subject-matter divisions within judicial circuits or appellate districts, deployment of new technologies, and increased ratios of support staff per judge.
(c) Criteria for Judicial Circuits. The following criteria shall be considered when determining the necessity for increasing, decreasing, or redefining judicial circuits as required by article V, section 9, of the Florida Constitution:
(1) Effectiveness. Factors to be considered for this criterion include the extent to which each court:
(A) expedites appropriate cases;
(B) handles its workload in a manner permitting its judges to prepare written decisions when warranted;
(C) is capable of accommodating changes in statutes or case law impacting workload or court operations; and
(D) handles its workload in a manner permitting its judges to serve on committees for the judicial system.
(2) Efficiency. Factors to be considered for this criterion are the extent to which each court:
(A)stays current with its caseload, as indicated by measurements such as the clearance rate;
(B) adjudicates a high percentage of its cases within the time standards set forth in the Rules of Judicial Administration and has adequate procedures to ensure efficient, timely disposition of its cases; and
(C) uses its resources, case management techniques, and technologies to improve the efficient adjudication of cases, research of legal issues, and issuance of decisions.
(3) Access to Courts. Factors to be considered for this criterion are the extent to which:
(A) litigants, including self-represented litigants, have meaningful access consistent with due process; and
(B) decisions of a court are available in a timely and efficient manner.
(4) Professionalism. Factors to be considered for this criterion are the extent to which each court:
(A) handles workload issues in a manner permitting its judges adequate time and resources to participate in continuing judicial education and to stay abreast of the law in order to maintain a qualified judiciary;
(B) is capable of recruiting and retaining qualified staff; and
(C) affords staff adequate time to participate in continuing education and specialized training.
(5) Public Trust and Confidence. Factors to be considered for this criterion are the extent to which each court:
(A) handles workload in a manner permitting its judges adequate time for community involvement;
(B) affords access to open court and other public proceedings for the general public;
(C) fosters public trust and confidence given its geography and demographic composition; and
*363 (D)attracts a diverse group of well-qualified applicants for judicial vacancies, including applicants . from all counties within the circuit.
(6) Additional criteria. Such other factors as are regularly considered when making a determination with respect to the need for additional judges under Florida Rule of Judicial Administration 2.240(b)(1) and (c).
(d) Criteria for District Courts. The following criteria shall be considered by ■the supreme court — and—the-assessment committee when determining the necessity for increasing, decreasing, or redefining appellate districts as required by article V, section 9, of the Florida Constitution:
(1)Effectiveness. The 'fFactors to be considered for this criterion áre the extent to which each court:
. appropriate cases;
(B) each court’s handles workload permits in a manner permitting its judges to prepare written opinions when warranted;
(C) each court functions in a collegial manner;
(D) each court’s handles workload permits in a manner permitting its judges to develop, clarify, and maintain consistency in the law within that district, including consistency between written opinions and per curiam affir-mances without written opinions;
(E) each- court’ handles its workload permits in a manner permitting its judges to harmonize decisions of their court with those of other district courts or to certify conflict when appropriate;
(F) each — cour-t’-s handles its workload permits in a manner permitting its judges to have adequate time to review all decisions rendered by the court;
(G) each courtis capable of accommodating changes in statutes or case law impacting workload or court operations; and
(H) each court’s handles its workload permits in a manner permitting its judges to serve on management committees for that-court and the judicial system.
(2) Efficiency. The fFactors to be considered for this criterion are the extent to which each court:
(A) each courtstays current with its caseload, as indicated by measurements such as the clearance rate;
percentage of its cases within the time standards set forth in the Rules of Judicial Administration and has adequate procedures to ensure efficient, timely disposition of its cases; and
(C) each-court utilizes uses its resources, case management techniques, and other technologies to improve the efficient adjudication of cases, research of legal issues, and preparation and distribution of decisions.
(3) Access to Appellate Review. The fFactors to be considered for this criterion are the extent to which:
(A)-(C) [No Change]
(4) Professionalism. The-fFactors to be considered for this criterion are the extent to which each court:
(A) each court’s handles its workload permits in a manner permitting its judges to-have adequate time and resources to participate in continuing judicial education opportunities and to stay abreast of the law in order to maintain a qualified judiciary;
(B) each courtis capable of recruiting and retaining qualified staff attor *364 neys, clerk’s — office staff,--and — other support staff; and
(C) each court’s affords staff has adequate time to participate in continuing education and specialized training opportunities.
(5) Public Trust and Confidence. The ¿Factors to be considered for this criterion are the extent to which each court:
(A) eac-h-eourfe handles its workload permits in a manner permitting its judges to.have adequate time te conduct outreach-lo-attorneys and the general-public — within the district for community involvement;
(B) each-courtprovides adequate access to oral arguments and other public proceedings for the general public within its district;
(C) (each court’s- geographic-terri-teryfosters public trust and confidence given its geography and demographic composition; and
((D) each court’s ■demographic-composition-fosters-publie-trust-and-confi-dence; and.
4(E)(D) (each courtattracts an-adequate — diverse group of well-qualified applicants for judicial vacancies within its district, including applicants from all circuits within the district.
(e) Results of determination. Only upon the supreme court’s finding that a need exists for increasing, decreasing, or redefining appellate districts and judicial circuits, shall the court, acting prior to the next regular session of the legislature, certify to the legislature its findings and recommendations concerning such need.
Committee Notes
[No Change]
Court Commentary
2013 Amendment. The rule has been amended so the supreme court’s annual certification process will include an analysis of the need to increase, decrease, or redefine judicial circuits. The requirement for an assessment committee to analyze, once every eight years, the capacity of the district courts to fulfill their duties has been deleted. Instead, the chief judges of the trial and appellate courts will review annual statistics provided by the state courts administrator, along with the criteria set forth in the rule and any other relevant factors, and inform the chief justice of any perceived need. Taking these and other concerns into consideration, the supreme court may appoint an assessment committee to make further inquiry. If an assessment committee is appointed, the supreme court will consider the committee’s recommendations and will certify to the legislature its own findings and recommendations concerning such need.

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. All comments must be filed with the Court on or before January 13, 2014. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.